JOYCE WATLAND, Appellant, v. CLARENCE WATLAND, Appellee.

NOVEMBER 13, 1928.

1192

. *William H. Long* and *Thomas J. Bray*, for appellant.

*Charles M. Manly* and *Devitt & Eichhorn*, for appellee.

ALBERT, J.—This is an appeal on the part of the plaintiff from so much of the decree as granted to the defendant the custody of two minor children, Julian and George Watland, and also from the question of the amount of alimony allowed, which was $10 a month.

These parties were married June 5, 1922, and moved into a rented home in the city of Grinnell, and occupied the same for a time thereafter. The first baby, Julian, was born in March, 1923, the second, James, on August 12, 1924, and the third, George, on November 2, 1925. Suffice it to say that the defendant did not take the witness stand to deny the specific acts of cruelty testified to by the plaintiff, which were sufficiently corroborated. The evidence adduced in the case was sufficient to warrant the court in granting the divorce, and need not be here repeated.

The defendant, at all times involved herein, was employed in a lumberyard at a salary of $150 a month. Evidence is introduced, tending to show that the treatment of the children by defendant was not at all times commendable.

The real question the court had to decide here was the best interest of the children; and while, under ordinary circumstances, children of the ages of these infants need that care and protection which a man is unable to give, this is not always the controlling fact in determining questions of this kind. Plaintiff in this case is shown to have been in poor health, to be very nervous, and to have been in a hospital for an operation; and the court found that she was in such physical condition that many of the statements made by her were exaggerated. She testified that, at the time of the last hearing in the case, she was much improved in health, and was able to take care of the children. She proposes to take them to her mother's home; but her

mother is a woman of advanced age, being, at the time of the trial, about 69 years of age. While the mother owns her home, there is no showing of her financial situation or her ability to in any way contribute to the sustenance of these children. As we gather from the record, plaintiff, if she were awarded the custody of the three children, would not be in a physical condition to earn anything towards their support; while the husband, on the other hand, receives a salary of $150 a month, and is maintaining the home where they lived, and supporting the two children awarded to him by the court. If the two children given to him by the court should be taken from him and given to the mother, his salary is not such that the reasonable amount necessary for the support of the three children could be taken from him and leave him a reasonable amount for his own support. What necessary orders should be made under these circumstances is equal to the famous Chinese puzzle. As the matter now stands, the eldest and the youngest child were left with the father, and the other child to the mother. The district court had these parties in court, and was more familiar with the situation than we can be from the printed record. It was his judgment that the children should be divided as they were in his decree, and with his conclusion we are disposed to agree.

If, in the future, it should develop that the order made is unwise, it can be modified by the court, to fit the conditions. We are disposed to say, however, that, in view of the whole record, we think the amount allowed for the support of the child which was given to the mother is inadequate, and we feel that, instead of $10 a month, as allowed by the decree, it should be, and hereby is, fixed at $20 a month, payable as provided in the original decree.

As thus modified, the decree of the district court is affirmed. —*Modified and affirmed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, and MORLING, JJ., concur.